**Yvonne E. STEPTER, Plaintiff,**

v.

**Leo K. UNDERHILL, et al., Defendants.**

No. C–1–86–1150.

United States District Court, S.D. Ohio, W.D.

March 30, 1988.

Ronald E. Porter, Robert F. Laufman, Cincinnati, Ohio, for plaintiff.

Thomas A. Mack, Cincinnati, Ohio, for defendants.

ORDER

HERMAN J. WEBER, District Judge.

This matter is before the Court upon plaintiff's Motions for injunctive relief (doc. no. 24), a partial new trial on the issue of damages (doc. no. 25), and the striking of defendants' memorandum in opposition thereto (doc. no. 28).

As an initial matter, the Court DENIES plaintiff's Motion to Strike Defendants' Memorandum based on the fact that it was filed six days out of time. This Court finds no good cause to strike defendants' memorandum and finds that the rights and interests of plaintiff are not prejudiced thereby.

Second, the Court finds defendants' arguments against the granting of equitable injunctive relief unpersuasive. This Court believes that, in circumstances such as those presented in this case, injunctive relief directed to future acts of racial discrimination does serve a valuable purpose and is appropriate. Therefore, the Judgment Entry shall be AMENDED to add the following language:

> Further, defendants, their agents, and all other persons in active concert or participation with them are hereby enjoined from engaging in any acts or practices

which have the purpose or effect of denying a dwelling to any person because of race or color.

Third, the Court finds plaintiff's arguments that the jury's compensatory verdict is inadequate and against the manifest weight of the evidence to be without merit. The Court agrees that plaintiff submitted testimony and evidence regarding her alleged damages, but finds that the jury's assessment and conclusion that no actual compensatory damages were proved is supported by the record. Further, this Court disagrees with plaintiff's presumption that the jury's finding of liability is inconsistent with their finding on damages. Also, there is no evidence to support plaintiff's contention that the jury failed to consider the essential elements of the alleged damages or that the jury failed to abide by the instructions of the Court.

Plaintiff's reliance on *Jordan v. Dellway Villa of Tennessee, Ltd.,* 661 F.2d 588 (6th Cir.1981), *cert. denied,* 455 U.S. 1008, 102 S.Ct. 1646, 71 L.Ed.2d 876 (1982), is misplaced. The *Jordan* ruling concerned the fashioning of individual recovery for members of a class action in a race discrimination suit based on a hypothetical and speculative analysis of the damages suffered by the individual members. In that case, the Court found that the use of a hypothetical construction rather than actual situations to determine the number of class plaintiffs entitled to recovery of damages was in error. As opposed to plaintiff's interpretation, this Court finds that the *Jordan* ruling is consistent with our analysis in that it held that actual damages, including emotional suffering, were held to be recoverable, *if proven.* The Court emphasized the basic premise that "damage awards must reflect what actually occurred, they must measure the plaintiff's [actual] losses...." *Id.* at 594.

The *Jordan* court's concern was the limit placed upon the number of plaintiffs entitled to recover based on an improper hypothesis; contrary to plaintiff's assertion, the *Jordan* decision does not mandate an award of compensatory damages based solely on the finding of liability. In fact, the United States Court of Appeals for the Sixth Circuit instructs us otherwise:

[W]hen actual damages are not present, the victims of due process violations are still entitled to nominal recovery. *See Hughes v. Rowe,* 449 U.S. 5, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980); *McKenna v. Peekskill Housing Authority,* 647 F.2d 332 (2d Cir.1981); *Morrow v. Igleburger,* 584 F.2d 767 (6th Cir.1978), *cert. denied,* 439 U.S. 1118, 99 S.Ct. 1027, 59 L.Ed.2d 78 (1979). Thus, under *Carrey,* [*Carrey v. Piphus,* 435 U.S. 247, 98 S.Ct. 1042, 55 L.Ed.2d 252 (1978)], the individual claimants in this case are entitled to nominal recovery even if the [defendants] demonstrate, during the remedial phase of this litigation, that the claimants suffered no actual damages.

*Jordan,* 661 F.2d at 594.

Therefore, since the jury was not favored with an instruction on nominal damages at plaintiff's insistence, and since it was plaintiff's decision to withdraw her claim for punitive damages, the jury properly and fairly considered and determined only the amount of actual compensatory damages. The Court finds, however, that nominal damages are recoverable in this case and, therefore, hereby enters a judgment notwithstanding the jury's verdict in the amount of $1.00 as nominal damages.

Based upon the foregoing, plaintiff's Motion to Strike (doc. no. 28) is hereby DENIED; plaintiff's Motion for Injunctive Relief (doc. no. 24) is hereby GRANTED and the Clerk of Courts is hereby DIRECTED to AMEND the Judgment Entry (doc. no. 26) as instructed in the third paragraph of this Order; and plaintiff's Motion for a Partial New Trial is hereby DENIED and the Court instead GRANTS a judgment notwithstanding the jury's verdict in the amount of $1.00 as recoverable nominal damages.

Plaintiff is DIRECTED to submit her claim for reasonable attorney fees and costs within 20 days of the date of this Order.

IT IS SO ORDERED.